**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-6626**

———————

UNITED STATES OF AMERICA,

                       Plaintiff - Appellee,

    versus

MICHAEL SHOWELL,

                     Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-97-424-MJG)

———————

Submitted: June 15, 1999          Decided: September 13, 1999

———————

Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Michael Showell, Appellant Pro Se. Katharine Jacobs Armentrout, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Showell pled guilty in accordance with a plea agreement to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Judgment was entered on November 24, 1998. In March 1999, Showell moved to withdraw his guilty plea. The district court's order denying the motion was entered on March 29, 1999. Showell seeks to appeal his conviction and the court's order denying his motion to withdraw his guilty plea. The Government has moved to dismiss.[*]

Federal Rule of Appellate Procedure 4 requires defendants in criminal cases to file a notice of appeal within ten days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. Showell had ten days from November 24, 1998 in which to appeal his conviction. His April 21, 1999 notice of appeal was therefore untimely. Likewise, Showell had ten days from March 29, 1999 in which to appeal the order denying his motion to withdraw his guilty plea, and the notice of appeal was thus untimely as to that order as well. We therefore dismiss Showell's appeal for lack of juris-

---

[*] The motion to dismiss states, "On April 26, 1999, the appellant Showell, noticed an appeal from the court's March 22, 1999 order." The motion also refers to a "motion for new trial." In fact, Showell's April 1999 filing stated Showell's intent to appeal the November 24, 1998 judgment of conviction. There is no March 22, 1999 order in the record. Furthermore, there was no trial in this case, and the record contains no reference to a motion for new trial.

2

diction.  See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).  We deny the Government's motion to dismiss.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED